STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: AP-03-46
SKS

LINNEHAN LEASING,

Petitioner

V.

**DECISION ON APPEAL**

STATE TAX ASSESSOR,

Respondent

This matter comes before the court on cross motions for summary judgment on the petition of Linnehan Leasing ("Linnehan") from a decision of the State Tax Assessor ("the Assessor") pursuant to 36 M.R.S.A. §151. Pursuant to the statute, this court must conduct a de novo hearing and make a de novo determination of the merits of the case.

<u>Factual and Procedural Background</u>

The tax assessment at issue in this case involves a period from May 1, 1999 through December 31, 2001. During that time, Linnehan was (and still is) in the business of selling used cars from locations in Bangor and elsewhere in down east Maine. Linnehan was registered as a Maine retailer under the Maine Sales Use Tax Law [1], filed monthly sales tax returns, and remitted sales tax on a monthly basis.

Atlantic Acceptance Corporation ("Atlantic") is a finance company that works exclusively with Linnehan. Atlantic and Linnehan share the same customers, and Atlantic only finances vehicles purchased from Linnehan. Additionally, Atlantic and Linnehan share owners, officers, directors, office space, telephones, computers, a website

---

[1] 36 M.R.S.A. §1751 ET SEQ.

and signage. However, these entities are organized as separate corporations each maintaining it's own books and filing separate federal and state tax returns.

Customers of Linnehan/Atlantic often finance the entire purchase of an automobile including the sales tax. Once Atlantic approves the credit of Linnehan's customer, the customer enters into a retail sales finance agreement, promising to repay to Linnehan all finance costs plus interest. By prearrangement, Linnehan immediately assigns the finance agreement to Atlantic in return for a percentage of the amount financed, thereby obligating the customer to make their loan payments to Atlantic.

The issue in the present case concerns sales tax credits taken by Linnehan for sales tax paid at the time of sale for the purchase of vehicles by buyers who later default on their loans. In these circumstances, the vehicles are repossessed and resold. However, in each of the cases in the present appeal, even after the repossession and sale of the collateral, an unpaid balance remained owing. After certain time and effort had past, if the balance owed remained unpaid it was charged off as worthless on the books of Atlantic and deducted for income tax purposes.

Even though these bad debts were charged off on Atlantic's books rather than Linnehan's, Linnehan would claim a tax credit for the financed but unreimbursed sales tax when it filed subsequent sales tax returns. Linnehan believes that based on the plain language of 36 M.R.S.A. §1811-A it is entitled to take these credits

The present controversy arises out of the Assessor's determination that the petitioner had impermissibly taken the credits for the tax portion of these worthless accounts for the period in question. These credits total $334,134.51 in sales tax, $70,294.30 in interest and a negligence penalty of $84,490.14. After the assessment, Linnehan requested reconsideration, which resulted in the Assessor upholding the initial assessment. Linnehan then filed the present appeal pursuant to 36 M.R.S.A. §151 and Maine Rules of Civil Procedure 80C.

## Discussion

This appeal raises two primary questions. First, how should the tax credit permitted by 36 M.R.S.A. §1811-A be applied within the narrow, undisputed facts of this case? Second, should Linnehan be required to pay negligence penalties? Although, procedurally this is an appeal from a decision of the Assessor, this appeal is one with a

2

different twist in light of the statutory requirement noted above that the court conduct a de novo hearing and make a de novo determination of the merits. 36 M.R.S.A. §151. The court is satisfied that the parties are able to agree to sufficient undisputed facts as part of the summary judgment process to allow the court to make such de novo determination. The issues will be discussed separately.

## I. Merits

The statute in question, §1811-A, reads as follows:

> The tax paid on sales represented by accounts charged off as worthless may be credited against the tax due on a subsequent report filed within three years of the charge-off, but, if any such accounts are thereafter collected by the retailer, a tax shall be paid upon the amounts collected.

This provision has been interpreted in a similar, but different context to mean the Legislature intended that the tax credit could be claimed only by the retailer, which sold the vehicle and paid the sales tax in the first place. *DaimlerChrysler Services North America v. State Tax Assessor,* 2003 ME 27, 817 A. 2d 862. In other words, it is the retailer sold the vehicle, which can apply for the tax credit, not a subsequent holder of the note. Linnehan does not dispute the holding in *DaimlerChrysler,* but attempts to distinguish the factual background of the two decisions. In *DaimlerChrysler,* the purchaser of the paper was a large national financing company, doing business with many retail sellers. There is no indication that the company had any other relationship with these retailers. There was no question that DaimlerChrysler was not the retailer or part of the retailer and the Supreme Judicial Court held that it was not entitled to the tax credits.

In contrast, the relationship between Linnehan and Atlantic is so close that they could be considered the business equivalent Siamese twins, joined at the hip. Atlantic would not exist without Linnehan and Linnehan does its finance business only with Atlantic. Although separate entities for some purposes, the evidence of shared owners, officers, directors, office space and general day-to-day business are convincing evidence that the two entities should be considered the same and as the joint "retailer" under this narrow application of §1811-A. Other evidence, which the court finds persuasive in this regard, is the fact that the State itself, through the Attorney General, has recently argued

3

that Linnehan and Atlantic must be considered as one entity for purposes of unrelated regulatory litigation.[2]

Support for this interpretation is also found in the definitional portions of the statute. For purposes of the sale and use tax, ""retailer" means a person who makes retail sales..." 35 M.R.S.A. §1752 (10). In turn, ""person" includes any individual, firm, co-partnership, association, society, club, corporation, estate, trust, business trust, receiver, assignee or <u>any other group or combination acting as a unit</u>..." 36 M.R.S.A. §1752(9) (1990) (emphasis provided)[3] Therefore, as such "other group or combination acting as a unit", Linnehan/Atlantic was the retailer. The court is satisfied that this application of §1181-A is "unmistakably within the spirit and intent of the statute". *DaimlerChrysler* at paragraph 7. While the Supreme Judicial Court found that DaimlerChrysler was not a retailer for this purpose, Linnehan/Atlantic, together, fit within that definition.


## II. Negligence/Penalties.

The second issue concerns whether the negligence penalties imposed by the Assessor were proper. Under the statute, in order to be subject to these penalties, the petitioner must have failed "...to make a reasonable attempt to comply with provisions of this Title or rules issued pursuant to this Title". 36 M.R.S.A. §187-B (3-A).

Linnehan asserts that no applicable rules have been issued pursuant to Title 36 and instructional bulletins are not rules for this purpose. Since the court has already concluded that the petitioner's reading of the credit statute was correct, it is difficult to

---

[2] Linnehan goes further and argues that this treatment of Linnehan/Atlantic by the Attorney General constitutes "judicial estoppel" from denying that the companies combine to form a single, unitary business operation. While the court believes that simple fairness requires that the various offices and agencies of State government treat our citizens, whether individual or corporate, in a consistent manner, the court is uncomfortable applying this principle of equity against the State generally. Since the court finds other reasons to come to the same conclusion, it does not rely on the arguments of judicial estoppel

[3] As in effect during the tax periods at issue. A substantially similar definition now appears at 36 M.R.S.A. §111(3). The petitioner argues, and the court agrees, that Linnehan/Atlantic formed a unitary business, operating a single integrated business enterprise and therefore clearly a "group or combination acting as a unit" for purposes of the definition of "retailer".

find that Linnehan was negligent for being right. Further, the Supreme Judicial Court has determined in *DaimlerChrysler* that the statute was ambiguous and difficult to interpret, and that decision post-dated the tax periods at issue. Therefore, even if the court is incorrect in its interpretation, Linnehan's application was not unreasonable or negligent. For both reasons, on de novo review the court would not impose the negligence penalties.

For the reasons stated above, the entry will be:

(1) Motion for summary judgment of respondent, State Tax Assessor is DENIED.

(2) Motion for summary judgment of petitioner, Linnehan Leasing is GRANTED.

The petitioner's appeal is granted on both counts and this matter is remanded to the State Tax Assessor for further proceedings consistent with this opinion.

DATED: *March 28, 2005*

S. Kirk Studstrup
Justice, Maine Superior Court

Date Filed ___7/11/03___ ___Kennebec___ Docket No. ___AP03-46___
County

Action ___Petition for Review___
80C

# J. STUDSTRUP

___Linnehan Leasing___ vs. ___State Tax Assessor___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jonathan A. Block, Esq.<br>James G. Good, Esq.<br>One Monument Square<br>Portland, Maine 04101-1110<br>- Ralph I. Lancaster, Jr., Esq. (co-counsel) | Thomas A. Knowlton, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 7/11/03 | Petition for Review and De Novo Determination, filed. s/Block, Esq. |
| 7/16/03 | Letter entering appearance, filed. s/Knowlton, AAG |
| 8/1/03 | State Tax Assessor's Consented-to-Motion for an Order to Specify the Future Course of Proceedings, filed. s/Thomas Knowlton, AAG Proposed Order to Specify the Future Course of Proceedings, filed. |
| 8/6/03 | ORDER TO SPECIFY FUTURE COURSE, Atwood, J.<br>(Discovery shall be completed within 8 months of date of this order. Motic to be filed within 2 months of close of discovery)<br>Copies mailed to attys of record. |
| 8/14/03 | Notication of Discovery Service, filed. s/Knowlton, AAG.<br>State Tax Assessor's First Request for Production of Documents by Petitioner served on Jonathan Block, Esq. on 8/12/03 |
| 9/16/03 | Notification of Discovery Service, filed. s/Block, Esq.<br>Petitioner's Response to State Tax Assessor's First Request for Production of Documents served on Thomas A. Knowlton, AAG on 9/15/04. |
| 10/3/03 | Notification of Discovery Service, filed. s/Block, Esq.<br>Petitioner's First Request for Production of Documents served on Thomas A. Knowlton, Esq. on 10/1/03 |
| 10/28/03 | Notification of Discovery Service, filed. s/Knowlton, AAG<br>State Tax Assessor's Response to Petitioner's First Request for Production of Documents served on Jonathan A. Block, Esq. on 10/27/03. |
| 1/26/04 | Notification of Discovery Service, filed. s/Block, Esq.<br>Petitioner's Response to State Tax Assessor's second Request for Production of Documents served on Thomas A Knowlton, AAG on 1/23/04. |
| 3/1/04 | Notification of Discovery Service, filed. s/Knowlton, AAG<br>Notice of Deposition of Linnehan Leasing Pursuant to M.R.Civ.P. 30(b)(6) served on Jonathan A. Block, Esq. on 2/27/04. |