2008 ME 12

**Jennifer A. PROVENCHER**

v.

**Scott G. PROVENCHER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 27, 2007.
Decided: Jan. 24, 2008.

Verne Paradie, Jr., Trafton & Matzen, Auburn, for appellant.

Heather S. Walker, S. Courtney Michalec, Laskoff & Associates, Lewiston, for appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Scott G. Provencher appeals from an order entered in the District Court (Lewiston, *Cote, J.*) denying his motion for relief from a divorce judgment pursuant to M.R. Civ. P. 60(b). Scott contends that the denial of the motion for relief constitutes an abuse of the court's discretion, and that the court improperly applied the best interest of the child standard in denying his motion. We affirm the District Court's judgment.

## I.  BACKGROUND

[¶ 2] Scott G. Provencher and Jennifer A. Provencher were divorced in July of 2005. Neither party was represented by counsel during the divorce proceedings. The final divorce judgment awarded the parties shared parental rights and responsibilities and shared residential custody of their minor children, one of whom was born in 1993 and the other in 1996. The divorce judgment stated that "[t]he parties agree that Jennifer Provencher is the biological mother and that Scott Provencher is the biological father of said child(ren)." The incorporated child support order required no child support payments because the parties shared equal residential custody.

[¶ 3] Subsequently, Scott decided he wanted to change the nature of his relationship with the oldest child who, as Scott had always been aware, was not in fact his biological son. Scott determined that ending his relationship with the boy was best because he and Jennifer had major differences of opinion regarding how to parent the boy, who suffers from ADHD and has behavioral problems, which caused conflict and stress for Scott and Jennifer. In June 2006, Scott moved for relief from the divorce judgment, pursuant to M.R. Civ. P. 60(b)(4), (5), and (6), arguing primarily that his acknowledgement of paternity of the boy was not sufficient to bind him legally and that the divorce judgment was, therefore, void.[1]

[¶ 4] In March of 2007, the court denied Scott's motion for relief from judgment, finding that the language in the divorce judgment regarding Scott's paternity of the boy did not matter because "father" has a variety of meanings, and in this case, Scott was the boy's father "in every way except genetically." The court found that Scott was the only father the boy had ever known, that Scott lived in the boy's household for eleven years, and that, until recently, the boy was unaware that Scott was not his biological father. The court concluded that it would not be in the child's best interest to grant the motion,

---

1. In his motion, Scott cites to M.R. Civ. P. 60(b)(2), but the gravamen of his motion is based on Rule 60(b)(4), (5), and (6).

   M.R. Civ. P. 60(b) provides, in relevant part:
   On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment ... for the following reasons: ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time.

and that even if Scott's legal obligation is only a financial one, "that is still an important obligation that [Scott] has."

[¶ 5] After a hearing in April of 2007, the Family Law Magistrate (*Carlson, M.*) ordered Scott to pay Jennifer, for the support of the boy, $69 per week for forty-nine weeks in retroactive child support and $70.89 per week in prospective child support. Scott then filed this appeal.

## II. DISCUSSION

[¶ 6] Scott contends that the District Court abused its discretion by denying his motion for relief from judgment. We generally review a denial of a motion for relief from judgment for abuse of discretion. *Wood v. Wood,* 602 A.2d 672, 674 (Me.1992). Additionally, we will vacate a denial of a 60(b) motion only when it "works a plain and unmistakable injustice." *McKeen & Assocs. v. Dep't of Transp.,* 1997 ME 73, ¶ 4, 692 A.2d 924, 925.

[¶ 7] A motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(4) based on an assertion that the judgment is void, however, is not subject to the discretion of the trial court because a judgment is either valid or it is void. *Land Use Regulation Comm'n v. Tuck,* 490 A.2d 649, 653 (Me.1985). Additionally, a party may move for 60(b)(4) relief from judgment on the basis that the court lacked jurisdiction, it adjudicated issues beyond the scope before the court, or it acted inconsistently with due process. *Id.* at 652. Because Scott did not assert any of these grounds in his 60(b)(4) argument, and nothing in the record suggests the presence of such grounds, the court correctly denied Scott's motion on Rule 60(b)(4) grounds.[2]

[¶ 8] In his argument based on Rule 60(b)(5), Scott relies on the language "it is no longer equitable that the judgment should have prospective application." This language suggests that there has been a change since entry of the divorce judgment. The only change after entry of the judgment in this case, however, was Scott's attitude toward the boy. Scott always knew that he was not the boy's biological father, but acted as his father from the child's infancy. The change in Scott's relationship with the boy since entry of the divorce judgment does not make it inequitable for the parent-child provisions in the divorce judgment to remain in effect, given Scott's historic role as the child's father.

[¶ 9] In consideration of the grant of relief pursuant to the catch-all provision of Rule 60(b)(6), the court is required to "presuppose[ ] that a party has performed his duty to take legal steps to protect his own interests in the original litigation." *Reville v. Reville,* 370 A.2d 249, 254 (Me. 1977). Additionally, a party moving for relief pursuant to 60(b)(6) "will be bound by his own free and deliberate choices." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 60.11 at 76 (2d ed. 1970). Even though Scott did not have an attorney during the divorce proceedings, and could have declined to agree that he was the biological father, he freely and deliberately agreed to the paternity provision in the divorce judgment, a decision from which he now seeks relief. The court acted within its discretion in denying Scott's motion on the basis of Rule 60(b)(6). The denial of the motion did not work "a plain and unmistakable injustice" against Scott who, knowing he was not the biological father of the child, nevertheless willingly asserted his paternity and acted as the boy's father.

---

**2.** Scott's 60(b)(4) argument was based on the Uniform Act on Paternity, which would not apply to his admission of paternity during the divorce proceeding because Scott was not subject to a paternity action under the Act. *See* 19-A M.R.S. §§ 1551–1570 (2007).

[¶ 10] Additionally Scott argues that the court erred by applying the best interest of the child standard at the hearing on Scott's motion for relief from judgment. We review such legal questions de novo. *See Peterson v. State Tax Assessor,* 1999 ME 23, ¶ 6, 724 A.2d 610, 612.

[¶ 11] We have recognized that the best interest of the child standard is equitable in nature and is part of the court's jurisdiction to act as *parens patriae* to protect the interests of children. *See C.E.W v. D.E.W.,* 2004 ME 43, ¶¶ 10, 11, 845 A.2d 1146, 1151. Moreover, we have stated that a trial court has broad discretion to use its equitable powers to determine the propriety of Rule 60(b) relief from judgment. *See Dep't of Human Servs. v. Blaisdell,* 2004 ME 62, ¶ 11, 847 A.2d 404, 406; *Reville,* 370 A.2d at 253 (stating that rule 60(b) has been characterized as a "grand reservoir of equitable power"). Accordingly, that the court took into account what is in the best interest of the child in its consideration of the motion for relief from judgment, especially pursuant to M.R. Civ. P. 60(b)(5) and (6), is not at all improper.

The entry is:

Judgment affirmed.