2012 ME 110

**SEARS, ROEBUCK & COMPANY**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued:  June 14, 2012.
Decided:  Aug. 28, 2012.

John M.R. Paterson, Esq., Bernstein Shur, Portland, and Michael J. Bowen, Esq. (orally), Akerman Senterfitt, Jacksonville, FL, for appellant Sears, Roebuck & Company.

William J. Schneider, Attorney General, and Thomas A. Knowlton, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State Tax Assessor.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Sears, Roebuck & Company (Sears) appeals from the entry of a final judgment in the Business and Consumer Docket (*Nivison, J.*) concluding that, as a matter of law, our holding in *Linnehan Leasing v. State Tax Assessor*, 2006 ME 33, 898 A.2d 408, applies retroactively. Sears argues that Maine recognizes the practice of retroactively applying certain legal holdings of a decision in a case to the parties in that case but only prospectively in all other instances.[1] Sears urges us to adopt the three-part test enumerated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), when deciding whether to apply the holding of a decision retroactively to other cases. Sears further argues that *Linnehan Leasing* should not apply retroactively because the three *Chevron* factors weigh in favor of applying the holding with selective prospectivity. Finally, Sears argues that we should reaffirm our holding in *Myrick v. James*, 444 A.2d 987, 1001–02 (Me.1982), *superseded by statute on other grounds by* P.L.1985, ch. 804, §§ 13, 22 (effective Aug. 1, 1988) (codified at 24 M.R.S. § 2902 (2011)), *as recognized in Erlich v. Ouellette, Labonte, Roberge & Allen, P.A.*, 637 F.3d 32, 36–37 & n. 7 (1st Cir.2011), establishing selective prospectivity in Maine. Without addressing the issue of retroactivity, we apply the plain meaning of the statute at issue and affirm.

## I. BACKGROUND

[¶ 2] On April 16, 2010, Sears filed a petition for review in the Superior Court challenging the State Tax Assessor's assessment and subsequent reconsideration decision denying Sears's eligibility for the bad debt sales tax credit pursuant to 36 M.R.S. § 1811–A (2006).[2] The case was transferred to the Business and Consumer Docket on August 10, 2010.

[¶ 3] On February 18, 2011, Sears filed a motion for partial summary judgment, arguing that *Linnehan Leasing* should not apply retroactively. In response, the State filed a written argument on the legal question regarding retroactivity, but the State objected to Sears's summary judgment motion, contending that it could not properly respond to Sears's statement of material facts because discovery had not been completed due to a stay of discovery pending the outcome of the legal issue. Nevertheless, the State submitted an opposing statement of material facts in order to prevent Sears's statement of facts from being deemed admitted pursuant to M.R. Civ. P. 56(h)(4).

[¶ 4] After hearing argument on the legal question whether *Linnehan Leasing*

---

1. Courts sometimes refer to this approach as "selective prospectivity," or to such rulings as "selectively prospective." *See, e.g., Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 114, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (O'Connor, J., dissenting); *Hulin v. Fibreboard Corp.*, 178 F.3d 316, 330 n. 7 (5th Cir.1999).

2. Title 36 M.R.S. § 1811–A (2006) has since been amended, although the amendment is not substantive and is not relevant to the present case. P.L.2007, ch. 438, § 49 (effective Sept. 20, 2007) (codified at 36 M.R.S. § 1811–A (2011)).

The applicable provision providing for "[c]redit for worthless accounts" stated:

The tax paid on sales represented by accounts charged off as worthless may be credited against the tax due on a subsequent report filed within 3 years of the charge-off, but, if any such accounts are thereafter collected by the retailer, a tax shall be paid upon the amounts so collected.

36 M.R.S. § 1811–A (2006).

applies retroactively to this case, the court issued an order dated May 6, 2011.[3] The court considered the issue based only on the facts to which both parties agreed and determined that *Linnehan Leasing* applies retroactively and therefore applies to Sears's bad debt sales tax credit claims for 2005 and early 2006—the applicable time period before *Linnehan Leasing* was decided.

[¶ 5] The facts pertinent to the present case, as the court considered them, are as follows. For the time period in question, Sears paid the full amount of sales tax due on goods sold from its retail stores in Maine. Sears had a financing agreement with a third-party creditor that applied when customers elected to purchase goods through a payment plan. Sears received full payment for the goods, including sales tax, and the third-party creditor assumed the right to collect payment—including sales tax and interest—for the goods purchased. If the third-party creditor was unable to collect on the debt, the third-party creditor charged off as bad debt the amount the customer failed to pay. Sears then claimed the bad debt sales tax credit for the amount of sales tax that the customer did not pay to the third-party creditor.

[¶ 6] After considering our holding in *Linnehan Leasing*[4] and the selective prospectivity rule from *Myrick*,[5] the court concluded that *Linnehan Leasing* should apply retroactively because (1) the general rule is that judicial decisions are given full retroactive effect; (2) *Linnehan Leasing*

did not announce a new rule that was not clearly foreshadowed, but instead "represent[ed] a logical and natural evolution from the Law Court's reasoning" in *DaimlerChrysler Services North America, LLC v. State Tax Assessor*, 2003 ME 27, ¶¶ 10–12, 817 A.2d 862; and (3) even if *Linnehan Leasing* were construed to establish a new rule, the ruling would apply retroactively because the holding was applied to the parties in that case.

[¶ 7] On August 12, 2011, Sears filed a motion for an entry of final judgment pursuant to M.R. Civ. P. 54(b), which the State opposed. The court held a hearing on the motion on October 14, 2011, and the parties agreed to file a stipulated final judgment. The court entered the stipulated final judgment on December 5, 2011, and Sears timely appealed.

## II. DISCUSSION

[¶ 8] We review all matters of law, including issues of statutory interpretation, de novo. *See Provencher v. Provencher*, 2008 ME 12, ¶ 10, 938 A.2d 821; *Searle v. Town of Bucksport*, 2010 ME 89, ¶ 8, 3 A.3d 390. When interpreting a statute, we look to the plain language of that statute first and use interpretive aids only when the language is ambiguous. *See Searle*, 2010 ME 89, ¶ 8, 3 A.3d 390. A statute should be interpreted to avoid surplusage, which "occurs when a construction of one provision of a statute renders another provision unnecessary or without meaning or force." *Linnehan Leasing*, 2006 ME 33, ¶ 21, 898 A.2d 408 (quoting

---

3. The court did not rule on the motion for summary judgment, M.R. Civ. P. 56, in making its decision.

4. In *Linnehan Leasing v. State Tax Assessor*, we held that the retailer could not claim the bad debt sales tax credit when a third-party creditor charged off the debt and the retailer was fully compensated for the purchase. 2006 ME 33, ¶ 19, 898 A.2d 408.

5. The rule in *Myrick v. James* directs that a ruling may be applied with selective prospectivity if "there has been substantial public reliance upon the former rule and little ability of litigants to foresee the change in the law accomplished by th[e] opinion." 444 A.2d 987, 1002 (Me.1982).

*Home Builders Ass'n of Me., Inc. v. Town of Eliot,* 2000 ME 82, ¶ 8, 750 A.2d 566).

[¶ 9] In *Linnehan Leasing,* we determined that two separate corporations did not qualify as an "other group or combination acting as a unit," 36 M.R.S.A. § 1752(9) (1990),[6] and therefore Linnehan could not claim the bad debt sales tax credit. 2006 ME 33, ¶¶ 3, 17–22, 31, 898 A.2d 408.[7] That case involved facts very similar to the case at hand. Linnehan was an automobile retailer that entered into financing agreements with customers and subsequently sold and assigned those agreements to a third-party creditor, Atlantic Acceptance Co. *Id.* ¶¶ 4, 7. Atlantic paid Linnehan a prearranged price for acceptance of the debt, including sales tax, and Linnehan paid the full sales tax due on its sales. *Id.* ¶¶ 7–8. Atlantic charged off an account as worthless if it could not collect on the debt, and Linnehan claimed the bad debt sales tax credit. *Id.* ¶ 9.

[¶ 10] Our decision disallowing Linnehan the bad debt sales tax credit—because Atlantic, not Linnehan, charged off the bad debt—was based on the clear language of the statute.[8] *Id.* ¶¶ 17–22. Our reading of the statute is the same today as it was then. In *Linnehan Leasing,* we concluded that the catchall phrase within the definition of a "person"—"other group or combi-

nation acting as a unit"—does not allow two separate corporations to be treated as a single entity. *Id.* ¶¶ 3, 22. To read the provision otherwise essentially "ignores the word 'other' and would read all the individually named entities out of [the provision], leaving a definition of 'person' that would read 'any individual . . . or any . . . group or combination acting as a unit.'" *Id.* ¶ 22 (omissions in original). According to our rules of statutory interpretation, the word "corporation" as used in 36 M.R.S. § 111(3) (2011) must have a separate meaning, and reading all of the individually named entities out of the definition of "person" violates that rule. *See Linnehan Leasing,* 2006 ME 33, ¶¶ 22–23, 898 A.2d 408.

[¶ 11] We again conclude that the plain and best reading of the statute does not allow, and has never allowed, two separate corporations to qualify as an "other group or combination acting as a unit." 36 M.R.S. § 111(3). Additionally, prior case law supports this reading of the statute. In *DaimlerChrysler,* we unequivocally stated our position on section 1811–A by interpreting the provision in the following manner:

> The tax paid [*by the retailer*] on sales represented by accounts charged off [*by the retailer*] as worthless may be credit-

---

**6.** Title 36 M.R.S.A. § 1752(9) (1990) was repealed by P.L.2003, ch. 390, § 6 (effective Sept. 13, 2003). For the purposes of this case, "person" is now defined by 36 M.R.S. § 111(3) (2011). This section provides a similar definition of "person" as section 1752(9), and includes the phrase "other group or combination acting as a unit." 36 M.R.S. § 111(3).

**7.** The dissent in *Linnehan Leasing* argued that, due to the extremely close business relationship between Linnehan and Atlantic Acceptance Co., they should qualify as a "combination acting as a unit." 2006 ME 33, ¶ 34, 898 A.2d 408 (Silver, J., dissenting) (quoting 36 M.R.S.A. § 1752(9) (1990)).

**8.** Title 36 M.R.S.A. § 1752(9) defined "person" to include "any individual, firm, copartnership, association, society, club, corporation, estate, trust, business trust, receiver, assignee or any other group or combination acting as a unit, and the plural as well as the singular number. . . ."

Title 36 M.R.S. § 111(3) defines "person" to include "an individual, firm, partnership, association, society, club, corporation, financial institution, estate, trust, business trust, receiver, assignee or any other group or combination acting as a unit. . . ."

ed [*by the retailer*] against the tax due on a subsequent report filed [*by the retailer*] within 3 years of the charge-off, but, if any such accounts are thereafter collected *by the retailer,* a tax shall be paid [*by the retailer*] upon the amounts so collected.

2003 ME 27, ¶ 12, 817 A.2d 862 (alterations in original) (emphasis added). With this reading, we clearly held that only a retailer who had charged off the account as worthless could qualify for the credit.

[¶ 12] Therefore, it is unnecessary for us to decide whether *Linnehan Leasing* applies retroactively. Even without our decision in *Linnehan Leasing,* by virtue of a plain reading of the statute, Sears would not qualify for the bad debt sales tax credit. Sears could not claim the bad debt sales tax credit because a third-party cred-itor wrote off the debt and Sears was fully compensated for the purchase.

[¶ 13] Although the court ruled in favor of the State on different grounds—by concluding that *Linnehan Leasing* applies retroactively—we affirm the court's judgment under our alternative reasoning. *Cf. Schlear v. James Newspapers, Inc.,* 1998 ME 215, ¶ 6, 717 A.2d 917 (affirming an erroneously-reasoned order on other grounds); *Bakal v. Weare,* 583 A.2d 1028, 1030 (Me.1990) (affirming an erroneously-reasoned order granting summary judgment on other grounds).

The entry is:

Judgment affirmed.