MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 19
Docket:        Yor-18-115
Argued:        November 6, 2018
Decided:       January 29, 2019
Revised:       April 23, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ERIC V. WARNQUIST et al.

v.

STATE TAX ASSESSOR

HUMPHREY, J.

[¶1]   Eric V. Warnquist and Rosamond C. Warnquist appeal from a summary judgment entered by the Superior Court (York County, *O'Neil, J.*) in favor of the State Tax Assessor (the Assessor) on the Warnquists' appeal from the assessment of tax on certain foreign income.  *See* M.R. Civ. P. 80C; 5 M.R.S. § 11001 (2017).

[¶2]  The Warnquists claim that the court misinterpreted and misapplied 36 M.R.S. § 5217-A (2017) regarding the income tax credit available to them for income taxes paid to a foreign jurisdiction.  They also challenge the court's determination that the penalties and interest assessed against them for the 2012 and 2013 tax years were appropriate.  *See* 36 M.R.S. §§ 186, 187-B(7) (2017).  We affirm the court's judgment.

## I.  BACKGROUND

[¶3]  The following facts are drawn from the properly formed portions of the parties' statements of material facts and their stipulated exhibits.  *See BCN Telecom, Inc. v. State Tax Assessor*, 2016 ME 165, ¶ 3, 151 A.3d 497.

[¶4]  The Warnquists are residents of Cape Neddick, Maine, and own two rental properties in the county of Rogaland, in the country of Norway.  One of the properties is a single-family home and the other is an industrial complex. In 2013, the home was taken by "expropriation," the Norwegian equivalent of eminent domain.  The Warnquists paid income taxes to Rogaland on the rental income from both properties and on the income from the expropriation— $208,860 in 2012 and $238,374 in 2013.  The Rogaland taxes were based on the Warnquists' gross income and did not include any deductions for expenses related to the properties.

[¶5]  On their 2012 and 2013 federal tax returns, the Warnquists reported their Norwegian income, as well as income from interest, dividends, and pensions sourced in Maine, and deducted from this income certain expenses allowed by the federal tax code, including expenses associated with the properties, to establish their federal adjusted gross income (AGI).

The Warnquists then imported their federal AGI to their Maine tax returns. 36 M.R.S. § 5102(1-C)(A) (2017).

[¶6] To avoid what they viewed as double taxation on the income from the properties, the Warnquists claimed a tax credit on their 2012 and 2013 Maine returns, pursuant to 36 M.R.S. § 5217-A, for the full amount of the income taxes they paid to Rogaland, which was based on the gross income from the properties. For each tax year, the Warnquists used a "Worksheet for Credit for Income Tax Paid to Other Jurisdiction," issued by Maine Revenue Services (MRS), to calculate the section 5217-A credit. Instructions on the worksheet guide taxpayers through each step of the credit calculation. Because the credit the Warnquists claimed in both years exceeded the amount of their Maine income tax obligations, they paid no Maine income taxes.

[¶7] In 2014, the Assessor[1] audited the Warnquists' 2012 and 2013 tax returns. The Assessor increased the Warnquists' standard deduction for 2012, but also determined that the Warnquists had claimed a larger credit than is allowed under section 5217-A because they overstated the income that was

---

[1] The Assessor is the executive director of MRS. *See Leadership*, Dep't of Admin. & Fin. Servs., https://www1.maine.gov/dafs/about/leadership (last visited Jan. 23, 2019); *see also* Dep't of Admin. & Fin. Servs., Bureau of the Budget, *Maine State Government Annual Report 2017-2018* (2018), https://www.maine.gov/budget/sites/maine.gov.budget/files/inline-files/2018%20Annual%20Report_1.pdf.

4

taxed by *both* Rogaland and the State of Maine.[2]  The Assessor calculated the portion of the Warnquists' Rogaland income that was subject to tax in Maine and, based on that calculation, adjusted the Warnquists' section 5217-A credits for both tax years and issued assessments for tax, interest, and penalties.

[¶8]  After receiving notice of the recalculations, adjusted credits, and assessments from the Assessor, together with an explanation of how to properly calculate the section 5217-A credit,[3] the Warnquists timely petitioned the Assessor for reconsideration of its decision pursuant to 36 M.R.S. § 151(1) (2017).  The Assessor denied the petition.

[¶9]  The Warnquists then appealed to the Board of Tax Appeals (the Board).  36 M.R.S. § 151(2)(F)(1) (2017).  The Board reduced the tax assessed for 2012 by $66 because the Warnquists understated their allowable standard deduction, but otherwise upheld the assessments in a decision dated July 21, 2016.  The Warnquists sought reconsideration of the Board's decision;

---

[2]  In Maine, income is taxed *after deductions* for expenses (net income), while in Norway, income is taxed *without any deductions* (gross income).  *See* 36 M.R.S. §§ 5121, 5142 (2017).

[3]  This was not the first time the Assessor explained to the Warnquists how to calculate the section 5217-A credit.  The Assessor imposed substantial understatement penalties on the Warnquists in 2008, 2009, 2010, and 2011 for similar section 5217-A miscalculations and issued letters explaining how to properly assess the credits they were entitled to in these years.

the Board denied that request on August 18, 2016.  *See* 4 C.M.R. 18 674 100-9 § 305(1), (2) (2017).

[¶10]  On October 18, 2016, the Warnquists filed a petition for review pursuant to M.R. Civ. P. 80C and 5 M.R.S. § 11001 requesting that the Superior Court grant them relief from the tax, penalties, and interest imposed against them.[4]   36 M.R.S. § 151-D(10)(I) (2017).   They argued that under section 5217-A, they were entitled to a credit for *all* of the taxes paid to Norway—even though that credit was greater than the amount of taxes otherwise due to Maine on that same income—and further asserted that the court should abate the penalties and interest assessed against them pursuant to 36 M.R.S. §§ 186, 187-B(7).  In response, the Assessor filed a motion for summary judgment on September 19, 2017.

[¶11]  On March 7, 2018, the Superior Court (York, *O'Neil, J.*) granted the Assessor's motion for summary judgment, upholding the tax, penalties, and interest assessed against the Warnquists.  The court held that there was no

---

[4]  Because a determination by the Assessor or the Board is not considered "an adjudicatory proceeding within the meaning of that term in the Maine Administrative Procedure Act," the Superior Court reviews the assessment of taxes de novo.  36 M.R.S. §§ 151(2)(D), 151-D(10)(I)(4) (2017); *see also BCN Telecom, Inc. v. State Tax Assessor*, 2016 ME 165, ¶ 2, 151 A.3d 497.  "The court shall make its own determination as to all questions of fact or law, regardless of whether the questions of fact or law were raised before the division within the bureau making the original determination [the Assessor] or before the board."  36 M.R.S. § 151-D(10)(I).

genuine issue of material fact pursuant to M.R. Civ. P. 56(c) and interpreted section 5217-A to limit the credit available to a taxpayer to an amount no larger "in relation to the total amount of taxes owed than the proportion that the taxpayer's adjusted gross income from the foreign jurisdiction bears to the taxpayer's entire Maine adjusted gross income." After noting that the Warnquists had not been "double taxed," the court held that the Warnquists had failed to establish reasonable cause for a waiver or abatement of the assessed penalties and failed to satisfy the court that they were entitled to an abatement of the assessed interest. *See* 36 M.R.S. §§ 186, 187-B(7). The Warnquists then timely appealed. *See* M.R. App. P. 2B(c).

## II. DISCUSSION

[¶12] In considering an appeal from a summary judgment, we review de novo whether there was no genuine issue of material fact and whether either party was entitled to judgment as a matter of law. *See* M.R. Civ. P. 56(c); *Blue Yonder, LLC v. State Tax Assessor*, 2011 ME 49, ¶ 7, 17 A.3d 667. Because, in an appeal from the Maine Board of Tax Appeals, the Superior Court is authorized to rule on legal matters de novo, *see* 36 M.R.S. § 151-D(10)(I), we review the court's interpretation of the law directly and do not defer to the interpretive ruling of the Assessor or the Board. *See Blue Yonder*, 2011 ME 49, ¶¶ 6-7,

17 A.3d 667; *see also BCN Telecom*, 2016 ME 165, ¶ 2, 151 A.3d 497. On appeal, the Warnquists challenge the Superior Court's interpretation of 36 M.R.S. § 5217-A and its denial of their request to abate the penalties and interest assessed against them.

A.      Section 5217-A

[¶13]   The Warnquists contend that section 5217-A permits them to claim a credit against their Maine income tax obligation for *all* of the income tax they paid to Rogaland. The Assessor argues that section 5217-A allows a credit only for the tax the Warnquists paid to Rogaland on income that is taxed by both Maine and Rogaland.

[¶14]   We review de novo the Warnquists' challenge to the court's interpretation of section 5217-A. *See Sears, Roebuck & Co. v. State Tax Assessor*, 2012 ME 110, ¶ 8, 52 A.3d 941. Section 5217-A provides:

> A resident individual is allowed a credit *against the tax otherwise due under this Part* . . . for the amount of income tax imposed on that individual for the taxable year by . . . any political subdivision of a foreign country that is analogous to a state of the United States with respect to income subject to tax under this Part that is *derived from sources* in that taxing jurisdiction. In determining whether income is derived from sources in another jurisdiction, the assessor may not employ the law of the other jurisdiction *but shall assume that a statute equivalent to section 5142 applies* in that jurisdiction. The credit, for any of the specified taxing jurisdictions, may not exceed the proportion of the tax otherwise due under this Part, excluding the tax imposed by

section 5203-C, *that the amount of the taxpayer's Maine adjusted gross income derived from sources in that taxing jurisdiction bears to the taxpayer's entire Maine adjusted gross income . . . .*

(emphasis added).[5]

[¶15] "In interpreting a tax statute, we look first to its plain meaning to give effect to the Legislature's intent." *State Tax Assessor v. MCI Commc'ns Servs.*, 2017 ME 119, ¶ 7, 164 A.3d 952. When a tax statute provides a credit, it must be narrowly construed. *Goggin v. State Tax Assessor*, 2018 ME 111, ¶ 14, 191 A.3d 341; *see also Foster v. State Tax Assessor*, 1998 ME 205, ¶ 8, 716 A.2d 1012 (it is well settled that "taxation is the rule and tax exemption is the exception"). The taxpayer seeking the credit "must show that it is unmistakably within the spirit and intent of the statute." *DaimlerChrysler Servs., N. Am., LLC v. State Tax Assessor*, 2003 ME 27, ¶ 7, 817 A.2d 862 (quotation marks omitted); *see also* 36 M.R.S. § 151-D(10)(I) ("The burden of proof is on taxpayer.").

---

[5] Title 36 M.R.S. § 5142, which deals with computation of taxable income of nonresident individuals, provides in relevant part:

**1. General**. The Maine adjusted gross income of a nonresident individual derived from or connected with sources in this State is the sum of the following amounts:

**A.** The net amount of items of income, gain, loss, and deduction entering into the nonresident individual's federal adjusted gross income that are derived from or connected with sources in this State . . . .

[¶16]   Because the section 5217-A credit reduces a resident individual taxpayer's Maine income tax obligation, we first determine what that tax obligation is.  The process begins with an identification of the taxpayer's Maine taxable net income, which is the person's reported federal AGI adjusted by any modifications, deductions, and exemptions required or allowed under Maine law.  *See* 36 M.R.S. §§ 5121, 5122 (2017).  The taxpayer's Maine income tax obligation is then calculated based on that taxable net income.  36 M.R.S. § 5121.  Next, Maine law authorizes several credits against the taxable net income,[6] including a credit for income taxes paid to another jurisdiction—the credit at issue in this case.  36 M.R.S. § 5217-A.  The result of these calculations is the individual's Maine income tax obligation.

[¶17]   Section 5217-A is complicated, but not ambiguous.  The plain language of the statute makes clear (1) who is eligible to receive the tax credit, (2) what income forms the basis of the credit, and (3) at what amount the credit is capped.

[¶18]   A Maine resident taxpayer is eligible for a credit under section 5217-A if the taxpayer paid income tax to a qualified foreign jurisdiction for

---

[6]  "A tax credit reduces tax liability in contrast to a deduction[,] which reduces income subject to tax."  *Tax Credit*, West's Tax Law Dictionary § T330, Westlaw (March 2018).

income "derived from sources in that taxing jurisdiction." A qualified foreign jurisdiction includes "a political subdivision of a foreign country that is analogous to a state of the United States." 36 M.R.S. § 5217-A. In this case, the qualified foreign jurisdiction is Rogaland, Norway, as neither party disputes.

[¶19] In order to receive a credit for income tax paid to a qualified foreign jurisdiction, the foreign income on which the tax was based must be "subject to tax" in Maine. Section 5217-A assumes that the qualified foreign jurisdiction calculates taxable income using AGI with a provision analogous to 36 M.R.S. § 5142.[7] If a qualified foreign jurisdiction defines taxable income in some other manner, any taxpayer seeking a credit under section 5217-A for taxes paid to that foreign jurisdiction must recalculate his foreign income by "adjusting" that income for any deductions or expenses provided for in Maine law. *See* 36 M.R.S. § 5142. This adjustment ensures that the credit reflects taxes paid only on the portion of the income earned in the foreign jurisdiction that would be taxable if it had been earned in Maine. Section 5217-A does not permit taxpayers to claim a tax credit for tax paid on income that is not subject to taxation in the State of Maine (i.e., the expenses and deductions "removed"

---

[7]  Section 5217-A provides, "In determining whether income is derived from sources in another jurisdiction, the assessor may not employ the law of the other jurisdiction but shall instead assume that a statute equivalent to section 5142 applies in that jurisdiction."

from the taxpayer's gross income).  In essence, taxpayers seeking tax credits for income taxes paid to foreign jurisdictions that define taxable income as something other than adjusted gross income must calculate their "foreign AGI" before they can properly calculate the maximum credit available to them under section 5217-A.

[¶20]  The maximum credit allowed under section 5217-A may not exceed "the proportion of the tax otherwise due under this Part . . . that the amount of the taxpayer's Maine adjusted gross income derived from sources in that taxing jurisdiction bears to the taxpayer's entire Maine adjusted gross income."  The language is complicated, but the application is—for taxes— relatively simple in practice.  First, a taxpayer must calculate what percentage of his or her total Maine AGI is derived from sources in the qualified foreign jurisdiction.  To explain how to perform the necessary calculations, MRS provides taxpayers with a worksheet.  The worksheet contains both instructions and a box with a space for actual calculations.  At line one of the box, a taxpayer is to record his or her Maine AGI, which includes *all* income— foreign and in-state—reduced by any applicable deductions and modifications provided by Maine law.  At line two, the taxpayer records the income earned in the foreign taxing jurisdiction.  The instructions accompanying the worksheet

12

make clear that, in recording the foreign income, the taxpayer must record the foreign *AGI*. The instructions state that the income included in line two "must be determined in the same way that a Maine nonresident calculates Maine-source income" and that "[i]ncome considered taxed by another jurisdiction is income, after deductions, that is analogous to Maine adjusted gross income (federal adjusted gross income plus or minus income modifications)."[8]

[¶21] Lines three and four of the worksheet guide taxpayers through the calculations necessary to determine the proportional cap on the credit for foreign income tax paid. The resulting percentage is the maximum percentage of the taxpayer's overall Maine tax liability that may be satisfied using a section 5217-A credit. For example, if a taxpayer's foreign AGI represents seventy-five percent of his total Maine AGI, he may claim a credit under this section in an amount up to seventy-five percent of his overall Maine tax liability, and no more. In its entirety, the worksheet reflects the complexities of section 5217-A, but it does not contradict the statute, nor is it susceptible to multiple interpretations.

---

[8] Moreover, the worksheet specifically cites to section 5142.

[¶22]  In this case, the Warnquists miscalculated their section 5217-A credit because they failed to account for the differences in the Maine and Rogaland tax systems.  When using the worksheet, they did not record their income from the Rogaland properties according to the definition of AGI provided in 36 M.R.S. § 5142.[9]  The Warnquists' failure to properly account for the expenses attributable to the properties in the calculation of their foreign AGI resulted in a credit that exceeded their Maine tax liability on the income derived from Rogaland and effectively shielded them from tax liability on income that was never subject to tax in Rogaland—i.e., the interest, dividends, and pensions they received while they were Maine residents and that was included in their Maine AGI.

[¶23]  The court recognized the Warnquists' error and correctly concluded that section 5217-A may not be used to shield income sourced to the State of Maine using untaxed portions of foreign revenue.  Allowing the Warnquists the benefit of the credits they claimed would result in an absurd and illogical taxation scheme that the Legislature did not intend.  *See Eagle*

---

[9]  As discussed above, *see supra* at ¶ 19, section 5217-A presumes that every foreign taxing jurisdiction has a provision identical to section 5142 through which it calculates the taxable income of nonresidents using the taxpayer's AGI.  Therefore, although the Warnquists are residents of Maine, section 5142 is specifically applicable to their Norwegian income through section 5217-A.  *See* 36 M.R.S. §§ 5142, 5217-A.

14

*Rental, Inc. v. State Tax Assessor*, 2013 ME 48, ¶ 11, 65 A.3d 1278.  The court properly upheld the decision limiting the credit available under section 5217-A to the tax that otherwise would be due on the same income in Maine, calculated after deductions for expenses.  *See* 36 M.R.S. §§ 5142, 5217-A.

B.     Abatement of Penalties and Interest

[¶24]   The Warnquists also argue that the Superior Court erred by declining to waive or abate the penalties and interest assessed against them for the 2012 and 2013 tax years.  *See* 36 M.R.S. §§ 186, 187-B.  We disagree.  Reviewing the record before us de novo, we can identify no basis on which to abate or reduce the penalties and interest.  *See Victor Bravo Aviation, LLC v. State Tax Assessor*, 2011 ME 50, ¶ 24, 17 A.3d 1237.  The Warnquists have failed to demonstrate that they relied on erroneous information provided to them by MRS or that there is substantial authority for their alternative interpretation of section 5217-A.  *See* 36 M.R.S. §§ 186, 187-B; *see also John Swenson Granite, Inc. v. State Tax Assessor*, 685 A.2d 425, 429 (Me. 1996).  The worksheets that the Warnquists used to calculate their taxes accurately reflected the limits of section 5217-A by clearly defining the amount of the foreign income tax paid

for which taxpayers may a receive credit.[10] Moreover, this is not the first time the Warnquists miscalculated their credit under this section. They received notice of their repeated errors and were given instructions by the Assessor regarding the proper calculation of the credit in prior years. Therefore, the Superior Court did not err in its decision to uphold in full the assessment of penalties and interest against the Warnquists. *See* 36 M.R.S. §§ 186, 187-B(7).

The entry is:

Judgment affirmed.

---

Gregory J. Orso, Esq. (orally), Orso Law, P.A., York, for appellant Eric V. and Rosamond C. Warnquist

Janet T. Mills, Attorney General, and Kimberly L. Patwardhan, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State Tax Assessor

York County Superior Court docket number AP-2016-39
FOR CLERK REFERENCE ONLY

---

[10] Specifically, the worksheets instructed taxpayers regarding the proportionality language of the statute and clearly defined the foreign income tax paid for which a taxpayer may receive a credit. *See supra* at ¶¶ 20-21.