740 A.2d 150 (1999)
325 N.J. Super. 549
Robert W. DOUGHERTY, Appellant,
v.
NEW JERSEY STATE PAROLE BOARD, Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1999.
Decided October 13, 1999.
*151 Robert W. Dougherty, appellant pro se.
John J. Farmer, Jr., Attorney General, for respondent (Mary C. Jacobson, Assistant Attorney General, of counsel; Michael S. Bokar, Senior Deputy Attorney General, on the brief).
Before Judges STERN, KESTIN and STEINBERG.
The opinion of the court was delivered by STEINBERG, J.A.D.
Robert W. Dougherty, an inmate committed to the custody of the Commissioner of the Department of Corrections, initially filed a pleading entitled "Petition for Writ Habeas Corpus" which we treated as a motion for leave to proceed as an indigent and for habeas corpus relief. We granted leave to proceed as an indigent, denied his request for habeas corpus relief, and elected to treat the matter as an appeal from Parole Board inaction.
These are the facts relevant to the limited issue presented on this appeal. Dougherty is an inmate serving a 1990 sentence for theft by unlawful taking. On November 20, 1996, he was released on parole. When he failed to report to his parole officer as required by the terms of his parole release, parole officials learned that he had relocated to another state without permission. Consequently parole violation warrants were filed and detainers lodged against him in Delaware and Maryland. However, due to his incarceration for offenses committed in those states, he could not be immediately returned to New Jersey custody.
Dougherty was finally returned to New Jersey custody in December 1998. Essentially claiming that the Parole Board was procedurally barred from seeking to revoke his parole, on December 11, 1998, Dougherty wrote to the Chairman of the Parole Board advising him that he refused to participate in any "future attempts by the Parole Board to conduct any proceedings for, or against me; whatsoever". On December 30, 1998, Dougherty was notified that a probable cause hearing was being scheduled on the parole violation charge by virtue of failing to report to his parole officer; changing his residence to another state without permission; and failing to participate in mental health counseling. Apparently, Dougherty refused to accept notice of the probable cause hearing and failed to advise the hearing officer whether he wished to proceed with either his probable cause or final revocation hearings. Therefore, the Board advised Dougherty that the matter "will remain on indefinite postponement until you advise the State Parole Board in writing that you wish to proceed with your hearings". Dougherty appeals. We reverse.
Initially, we note that Dougherty, appearing pro se, has filed a number of documents, some of which cannot be understood. Apparently, among other things, he is seeking an award of damages by virtue of his claimed improper detention. Dougherty's submissions do not contain a concise statement of the facts as required by R. 2:6-2(a)(4). Moreover, his submissions do not divide, under appropriate point headings, his legal arguments, as required by the rule. Although his submissions seek an award of damages, he does not brief his entitlement to them. We will not consider Dougherty's claim for damages in light of his noncompliance with R. 2:6-2(a)(5). The Parole Board has a right to know precisely what legal arguments are being made against it and should not be required to respond to a *152 claim for damages raised in the fashion it has been raised in this case. See Almog v. ITAS, 298 N.J.Super. 145, 155, 689 A.2d 158 (App.Div.), certif. granted, 151 N.J. 463, 700 A.2d 876 (1997), appeal dismissed, 152 N.J. 361, 704 A.2d 1297 (1998) (legal issue suggested in footnotes and not made under appropriate point headings will not be considered on appeal). Moreover, our prior order treated Dougherty's submissions as an appeal from Parole Board inaction. It did not treat it as a claim for damages. In addition, we do not have original jurisdiction over a claim for damages. R. 2:2-3(a)(2) confers upon us original jurisdiction to review final decisions, actions, or inactions of any state administrative agency, including the Parole Board. That rule does not confer jurisdiction to determine claims for damages which depend upon the development of an adequate trial record. Finally, any claim of Dougherty for damages is premature since there has been no determination that he is improperly detained.
On this appeal, Dougherty contends that he is entitled to an order of immediate release by reason of the Parole Board's failure to conduct a timely preliminary hearing and final revocation hearing. On the other hand, the Parole Board contends that its failure to conduct a parole revocation hearing is the result of Dougherty's continued refusal to participate in such a hearing. We reject both contentions.
The Parole Board is authorized to promulgate reasonable rules and regulations necessary for the proper discharge of its responsibilities. N.J.S.A. 30:4-123.48. Pursuant to that statutory authority, the Parole Board has promulgated N.J.A.C. 10A:71-7.4 requiring a preliminary hearing once a parolee is arrested on a parole violation warrant to determine whether probable cause exists to believe that the parolee has seriously or persistently violated conditions of parole and whether revocation of parole is desirable. The preliminary hearing must ordinarily be conducted within fourteen days of the parolee's return to custody as a parole violator. N.J.A.C. 10A:71-7.5(a). The parolee must be given written notice of the time, date and place of the preliminary hearing at least three days prior to the hearing unless the parolee waives such notice. N.J.A.C. 10A:71-7.7(a). If probable cause is found to exist, a final revocation hearing must be conducted within sixty days of the date the parolee was taken into custody as a parole violator. N.J.A.C. 10A:71-7.13.
We disagree with the Parole Board's decision that the matter "remain on indefinite postponement until [Dougherty] advise[d] the Parole Board in writing that he wished to proceed with the hearings". In order to ensure a parolee procedural due process, the Parole Board must adhere to its rules regarding preliminary and final revocation hearings, rather than disregard them. See County of Hudson v. Dept. of Corr., 152 N.J. 60, 70, 703 A.2d 268 (1997). Indeed, due process requires a prompt preliminary hearing to determine whether there is probable cause or reasonable grounds to believe that the parolee has committed acts which would constitute a violation of parole conditions, and also requires a hearing prior to a final decision to revoke parole. Morrissey v. Brewer, 408 U.S. 471, 485-88, 92 S.Ct. 2593, 2608-09, 33 L.Ed.2d 484, 496-98 (1972). See also Johnson v. State Parole Bd., 131 N.J.Super. 513, 521, 330 A.2d 616 (App. Div.1974), certif. denied, 67 N.J. 94, 335 A.2d 47 (1975) (due process requires prompt hearings for probable cause and final revocation of parole).
Therefore, the Parole Board should have conducted a preliminary hearing, and if probable cause was found to exist, a final revocation hearing. Dougherty's refusal to participate is of no consequence. He has the right to participate. He also has the right not to participate. However, whether or not Dougherty chooses to participate, the Parole Board is not warranted to disregard its own regulations and hold a person in custody without conducting the mandatory hearings.
*153 Accordingly, we remand to the Parole Board and direct them to conduct the appropriate hearings immediately.
Finally, we reject Dougherty's contention that he is entitled to an immediate release. In the absence of prejudice, the failure to conduct a timely hearing does not entitle a prisoner to automatic release. Gerardo v. N.J. State Parole Bd., 221 N.J.Super. 442, 450-51, 534 A.2d 1037 (App.Div.1987). We reject any contention that the delay was unreasonable in light of the fact that it was attributable, at least in part, to Dougherty's refusal to participate in the hearing. See also Smith v. United States, 577 F.2d 1025 (5th Cir.1978) (in the absence of a showing of prejudice the prisoner's remedy for a late parole hearing is an order entitling him to a prompt hearing); Bryant v. Grinner, 563 F.2d 871 (7th Cir.1977) (where there is no indication in the record that the Government delayed a parole hearing in order to obtain an advantage or to prejudice the inmate, the appropriate remedy for failure to schedule a timely hearing is to order that a hearing be held). Here, Dougherty has not alleged, let alone demonstrated, actual prejudice by virtue of the failure of the Board to conduct a timely hearing, particularly since his actions caused or contributed to the failure to schedule a hearing. Accordingly, he is not entitled to the drastic remedy of an order directing his automatic release.[1]
Reversed and remanded for further proceedings. We do not retain jurisdiction.
NOTES
[1] After all briefs were filed, Dougherty filed another pleading entitled "motion for leave of court to amend the record, nunc pro tunc." The contents of the pleading are unintelligible and we are unable to determine what relief Dougherty seeks. Accordingly, since Dougherty has not sustained his burden of establishing an entitlement to relief, we deny his motion.