MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2013 ME 3
Docket:        Yor-12-115
Argued:        December 12, 2012
Decided:       January 8, 2013

Panel:         ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

# FIRST FRANKLIN FINANCIAL CORPORATION

v.

# JASON L. GARDNER

PER CURIAM

[¶1]  First Franklin Financial Corporation appeals from a judgment of the District Court (Biddeford, *Cantara, J.*) granting Jason L. Gardner's motion for sanctions and ordering First Franklin to pay monetary sanctions and enter into a loan modification with Gardner on the terms agreed upon by the parties at foreclosure mediation, as stated in the mediator's November 4, 2010, report. *See* 14 M.R.S. § 6321-A (2012); M.R. Civ. P. 93.

[¶2]  On appeal, First Franklin argues that (1) we should reach the merits of this interlocutory appeal pursuant to the death knell and judicial economy exceptions to the final judgment rule; (2) the trial court erred in finding that the parties had reached a binding agreement requiring First Franklin to offer a trial loan modification plan to Gardner because the terms of any such agreement were

2

indefinite or conditional; and (3) because the parties had never entered into a binding agreement, the court erred in granting Gardner's motion for sanctions against First Franklin.

[¶3]   Gardner requests that we award him sanctions, including treble costs and attorney fees, for defending this appeal.

DISCUSSION

[¶4]   We reach the merits of this interlocutory appeal pursuant to the death knell exception to the final judgment rule. *See Fiber Materials, Inc. v. Subilia*, 2009 ME 71, ¶ 14, 974 A.2d 918.

[¶5]   Contrary to First Franklin's contentions, the motion court did not err (1) in finding that Gardner and First Franklin or its agent, which "had authority to agree to a proposed settlement [or] loan modification," agreed in the foreclosure mediation to the terms of a loan modification and (2) in finding, implicitly if not explicitly, that the parties entered into a binding agreement requiring First Franklin to offer the loan modification to Gardner. *See Barr v. Dyke*, 2012 ME 108, ¶ 13, 49 A.3d 1280 (stating the circumstances under which an agreement is legally binding); *Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶¶ 6-7, 968 A.2d 539 (stating that the existence of a binding contract or settlement agreement is a question of fact; discussing binding settlement agreements and the difference between a preliminary agreement to agree and a binding agreement).

[¶6]    Having reviewed the mediated loan modification agreement, we determine that it is sufficiently specific and definite to constitute a binding commitment for a loan modification to be offered to Gardner. *See Coastal Ventures v. Alsham Plaza, LLC*, 2010 ME 63, ¶ 26, 1 A.3d 416 (stating that whether a contract term is ambiguous is a question of law reviewed de novo and that a contract is to be interpreted to effect the intent of the parties as reflected in the contract language, construed in light of the "subject matter motive, and purpose of making the agreement, and the object to be accomplished"); *Sullivan v. Porter*, 2004 ME 134, ¶¶ 14-15, 861 A.2d 625 (holding that terms of an agreement were sufficiently definite and did not create unaddressed elements, even though the duration and interest rate of the loan were expressed as a finite range).[1]

[¶7]    Having found that First Franklin did not mediate in good faith, the motion court acted within its discretion in granting Gardner's motion for sanctions.[2] *See Gauthier v. Gauthier*, 2007 ME 136, ¶ 8, 931 A.2d 1087 (reviewing a court's decision to sanction a party for an abuse of discretion).

---

[1]  We assume that the motion court found all facts necessary to support its order in the absence of a motion for findings, *see Ward v. Ward*, 2008 ME 25, ¶ 5, 940 A.2d 1063, and that the record fully supports the court's findings and discretionary choices when no transcript of the motion hearing, or M.R. App. P. 5(d) statement in lieu thereof, is provided, *see Rothstein v. Maloney*, 2002 ME 179, ¶ 11, 816 A.2d 812.

[2]  First Franklin clarified at oral argument that it is not arguing that the motion court exceeded its discretion in ordering the specific types of sanctions it imposed.

[¶8]  We decline Gardner's request to impose sanctions on appeal pursuant to M.R. App. P. 13(f).

The entry is:

> Judgment affirmed.  Gardner's motion for sanctions on appeal denied.

---

**On the briefs and at oral argument:**

Leslie E. Lowry, III, Esq., Jensen Baird Gardner & Henry, Portland, for appellant First Franklin Financial Corporation

Marshall J. Tinkle, Esq., Hirshon Law Group, P.C., Portland, for appellee Jason L. Gardner

Biddeford District Court docket number RE-2010-122
FOR CLERK REFERENCE ONLY