MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2014 ME 2
Docket:       Kno-13-78
Argued:       November 20, 2013
Decided:      January 9, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, J.J.


IN RE ESTATE OF MARY E. HILLER


ALEXANDER, J.

[¶1]  Paul A. Ligor, son of the deceased, Mary E. Hiller, appeals from an amended judgment of the Knox County Probate Court (*Emery, J.*) partially denying his motion for relief from a judgment pursuant to M.R. Prob. P. 60(b) and M.R. Civ. P. 60(b).  In its judgment, the Probate Court: (1) found that Ligor had solicited a power of attorney when his mother "was not of sound mind" and then wrongfully depleted his mother's assets and estate in the months leading up to and immediately following her death; (2) found that Ligor had breached his fiduciary duty owed to his mother; and (3) ordered him to repay to her estate the sums wrongfully taken.

[¶2]  Ligor argues that the amended judgment is void because the Probate Court lacked subject matter jurisdiction to adjudicate the claims against him based on the factual allegations contained in the complaint.  Because the Probate Court has subject matter jurisdiction to adjudicate claims relating to breach of fiduciary

duty by an agent, *see* 18-A M.R.S. § 1-302 (2012), as well as claims related to the settlement of estates, *see* 4 M.R.S. § 251 (2012), we affirm the judgment of the Probate Court.

## I. CASE HISTORY

[¶3]  The evidence presented at a hearing at which Ligor failed to appear, the facts found by the Probate Court, a review of the filings of the parties, and the court orders in the record show the following facts and case history.  *See First Franklin Fin. Corp. v. Gardner,* 2013 ME 3, ¶ 6 n.1, 60 A.3d 1262 (stating that we will assume that the record fully supports the trial court's findings when no transcript or statement in lieu of transcript is provided).

[¶4]  On January 23, 2009, Hiller executed a power of attorney in favor of her son, Ligor.  The court found that "Hiller was not of sound mind on that date and was able to be easily influenced, due to her physical and mental health issues."  The court found that "[n]o evidence was presented that her physical and mental health improved before her death" on May 16, 2010.

[¶5]  The Probate Court further found that Ligor "added his name as joint owner to his mother's financial accounts"; that he "set up a Scot trade account on March 25, 2009, funded solely with [his mother's] funds, as a joint account with right of survivor[ship]"; and that he "used a substantial portion of the funds for his own personal benefit."  The court next found that Ligor:

a. Used [his mother's] money ($15,000.00) to purchase on January 31, 2009 a car jointly titled in his name and his mother's name (for which he paid $12,530.25), although Mrs. Hiller was not driving at the time and upon her death . . . Ligor was the sole owner of the car;

b. Used [his mother's] money to purchase groceries, tires and other household items that did not benefit [her], who, during most of this period, was institutionalized in [a] hospital or a care facility and these purchases totaled $11,105.00;

c. Paid himself and his wife from [his mother's] money, as caregivers, $173,710.00 between the dates March 2009 and May 12, 2010, although from January 12, 2009 until her death May 16, 2010, Mrs. Hiller was mainly in hospital[s] or institutional care facilities;[1]

d. Induced [his mother] or wrote for her signature a check dated January 23, 2009 from her personal account at Bar Harbor Bank & Trust to his company, World Capital Management, in the amount of $45,000.00. At this time, [she] was hospitalized at Maine Medical Center in Portland, Maine.

[¶6]    Finally, the court found that Ligor "paid himself/his wife as 'caregivers' after his mother's death, from May 26, 2010 until August 16, 2010, the sum of $26,800.00."

[¶7]  In July 2010, Ligor applied for informal probate and was appointed personal representative of Hiller's estate.  In December 2010, three of Ligor's siblings filed multiple actions, including a petition to remove Ligor as personal representative and a complaint seeking review of Ligor's conduct as Hiller's agent.

---

[1] Information in the appendix filed by Ligor on appeal indicates that between January 12, 2009, and May 16, 2010, Hiller resided in various health care facilities except for two weeks, from January 30, 2009, to February 13, 2009.

4

[¶8]　Count I of the complaint alleged that Ligor, as Hiller's agent or personal representative of her estate, failed to (1) provide a complete accounting or keep proper records, (2) account for the disposition of the majority of Hiller's liquid assets including any profits or losses from the investment account, (3) prevent conflicts of interest, (4) act in good faith, (5) preserve Hiller's estate, (6) act loyally for Hiller's benefit, (7) act competently and diligently, (8) exercise ordinary care, and (9) justify reimbursement of his expenses.

[¶9]　The siblings requested that the court order Ligor to (1) provide a complete accounting with documentation of his actions as Hiller's agent as required pursuant to 18-A M.R.S. § 5-914 (2012), (2) restore the value of the estate pursuant to 18-A M.R.S. § 5-917 (2012), and (3) grant any other relief the court deemed appropriate.　Counts II and III of the complaint sought damages for interference with an expectancy of an inheritance and conversion based on Ligor's actions as Hiller's agent.

[¶10]　After extensive discovery, the court scheduled a hearing on the matter for September 14, 2011.　The night before the hearing, Ligor filed a Chapter 7 bankruptcy petition that stayed the proceedings against him.　In January 2012, the siblings obtained relief from the bankruptcy stay and the matter was again scheduled for hearing.

[¶11]  On May 16, 2012, the Probate Court held a hearing on the siblings' complaint.  Despite having notice of the hearing, Ligor did not appear or request a continuance.  At the hearing, the court received extensive evidence regarding Ligor's actions while he was Hiller's agent and using her power of attorney.

[¶12]  The court issued a written decision on May 31, 2012, finding that Ligor breached his fiduciary duty to Hiller.  The court found that Ligor was liable to his siblings in the amount of $244,815 for the breaches of his fiduciary duty that diminished the value of Hiller's estate and ordered Ligor to pay his siblings directly.  The court also surcharged Ligor's portion of any distribution from the estate $26,800 representing the amount of money he charged for services after Hiller's death.  The court's order implicitly denied the siblings' various tort claims by focusing exclusively on the breach of fiduciary duty issue.  Ligor took no appeal from that judgment.

[¶13]  On August 27, 2012, three months after the entry of judgment, Ligor moved for relief from judgment pursuant to M.R. Prob. P. 60(b) and M.R. Civ. P. 60(b)(4).  Ligor argued that the court's judgment was void for lack of subject matter jurisdiction and requested that the court vacate the default judgment and the written order.[2]

---

[2]  Ligor also argued that the Probate Court's judgment was a result of a legal mistake, invoking M.R. Civ. P. 60(b)(1).

[¶14]  On January 11, 2013, the court partially granted Ligor's motion for relief from judgment, vacating the default judgment against him.  The court then issued an amended order clarifying that it based its decision solely on Ligor's breach of fiduciary duty to Hiller and not the siblings' tort claims.  The court recognized that its use of the phrase "liable to his siblings" and "damages" created confusion about the legal basis of its order, removed those terms, and instead ordered Ligor to reimburse the estate for the $244,815 he wrongfully removed and again surcharged $26,800 against his portion of any distribution.

[¶15]  Ligor timely appealed the partial denial of his M.R. Civ. P. 60(b) motion pursuant to 18-A M.R.S. § 1-308 (2012).

## II.  LEGAL ANALYSIS

[¶16]  Relying on *Taber v. Douglass*, 101 Me. 363, 367-68, 64 A. 653, 655 (1906), Ligor argues that a complaint must allege sufficient facts to show the court's authority to act in order for the court to have jurisdiction over a matter.  He contends that the siblings' complaint could never have formed the basis for the Probate Court's jurisdiction because it cites to the Maine Uniform Power of Attorney Act (MUPOAA), 18-A M.R.S. §§ 5-901 to 5-964 (2012), which Ligor contends does not apply in this case given that Ligor's actions as Hiller's agent occurred prior to the effective date of the MUPOAA.  *See* 18-A M.R.S. § 5-964.

A.     Finality

[¶17]   As a threshold matter, we must address whether the Probate Court's judgment constitutes a final judgment.  Generally, a judgment must be final in order for an appeal to be cognizable.  *See Estate of Dore v. Dore*, 2009 ME 21, ¶ 11, 965 A.2d 862.  A judgment is not final if it adjudicates fewer than all claims. *See Sanborn v. Sanborn*, 2005 ME 95, ¶ 4, 877 A.2d 1075.

[¶18]   Here, the siblings brought a three-count complaint for breach of fiduciary duty, interference with an expectancy, and conversion.  The court based its amended decision exclusively on breach of fiduciary duty.  The court's original order indicates that the court considered the siblings' tort counts and dismissed them.[3]  The court's corrected order reiterated this by stating that the court proceeded "solely on the theory of the agent's, attorney-in-fact's, duty to the principal."  Thus, the siblings' tort claims were rejected, they are adjudicated, and the court's judgment is a final judgment.

B.     Standard/Scope of Review

[¶19]   Ligor appeals from a partial denial of his Rule 60(b)(4) motion. Relief from judgment is appropriate pursuant to M.R. Civ. P. 60(b)(4) when a judgment is void due to a lack of subject matter jurisdiction.  *See Provencher v.*

---

[3]  On appeal, Ligor also presents arguments regarding the Probate Court's authority to entertain tort actions seeking damages and the siblings' standing to bring the tort claims in Probate Court.  Because the Probate Court adjudicated the tort claims without reaching the merits of those claims, we need not address these issues.

*Provencher*, 2008 ME 12, ¶ 7, 938 A.2d 821. A challenge to the subject matter jurisdiction of the court is a question of law reviewed de novo, and is not subject to the discretion of the trial court. *Cummings v. Bean*, 2004 ME 93, ¶ 7, 853 A.2d 221. A Rule 60(b) motion "cannot be used as a substitute for a direct appeal of the court's decision." *In re Estate of Shapiro*, 1999 ME 25, ¶ 13 n.12, 723 A.2d 886.

C.     Subject Matter Jurisdiction

[¶20]   Contrary to Ligor's contentions, the Probate Court had subject matter jurisdiction to decide the siblings' breach of fiduciary duty claim. "The Probate Court is a statutory court of limited jurisdiction and its actions are void unless taken pursuant to statutory authority." *Marin v. Marin*, 2002 ME 88, ¶ 9, 797 A.2d 1265. Thus, whether the Probate Court has jurisdiction over a specific matter turns on whether a statute confers jurisdiction, not on the sufficiency of the complaint.

[¶21]   Ligor's reliance on our 1906 opinion, *Taber*, 101 Me. at 367-68, 64 A. 653 at 655, to assert that the complaint must specifically allege facts to support a particular cause of action and a court's jurisdiction over that cause of action is misplaced. *Taber* is an artifact from the era of rigorous common law pleading requirements. With the 1959 adoption of the Maine Rules of Civil Procedure, those pleading requirements were replaced with the notice pleading rule, M.R. Civ. P. 8(a), requiring only that the complaint "contain (1) a short and

plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief which the pleader seeks." The siblings' complaint did just that. It alleged that Hiller was incapacitated, that Ligor took advantage of her incapacity while he was her agent, and that his conduct diminished the value of her estate. These allegations are sufficient to invoke the Probate Court's jurisdiction to decide the matter pursuant to 18-A M.R.S. § 1-302 and 4 M.R.S. § 251.

[¶22] Title 18-A M.R.S. § 1-302(a) provides that the Probate Court "has jurisdiction over all subject matter relating to . . . protection of minors and incapacitated persons . . . ." The facts of this case fall within this provision because the Probate Court found that at the time Hiller signed the power of attorney and until the time of her death, Hiller was mentally incapacitated, and thus the siblings' suit relates to her protection.

[¶23] Furthermore, 4 M.R.S. § 251 provides in pertinent part:

Each judge may take the probate of wills and grant letters testamentary or of administration on the estates of all deceased persons who, at the time of their death, [were] inhabitants or residents of his county or who, not being residents of the State, died leaving estate to be administered in his county, or whose estate is afterwards found therein; and has jurisdiction of all matters relating to the settlement of such estates.

See also In re Estate of Hodgkins, 2002 ME 154, ¶ 14, 807 A.2d 626 ("The Probate Court's jurisdiction covers all matters relating to the settlement of the estate."). In

order to settle and determine the value of Hiller's estate and properly distribute the estate's assets, the Probate Court had to resolve the claim for breach of fiduciary duty, which asserted the taking of assets from the estate. The Probate Court recognized this in its order, stating that evidence was presented "[i]n order to determine the property the estate might recover attributable to . . . Ligor's conduct." Therefore, the claim for breach of fiduciary duty related to the settlement of Hiller's estate and the Probate Court had subject matter jurisdiction over it pursuant to 4 M.R.S. § 251, as well as 18-A M.R.S. § 1-302.

[¶24] We do not address Ligor's remaining arguments on appeal as they are not properly preserved.[4]

The entry is:

Judgment affirmed.

_____

[4] Ligor's remaining arguments challenge the Probate Court's construction and application of the Maine Uniform Power of Attorney Act, 18-A M.R.S. §§ 5-901 to 5-964 (2012); the weight of the court's factual findings; and the conclusion that certain accounts held jointly by Ligor and Hiller pass to the estate. Because these issues do not affect the Probate Court's subject matter jurisdiction and an error would not make the judgment void, they are not within the proper scope of an appeal from a denial of an M.R. Civ. P. 60(b)(4) motion. By electing not to participate in the trial and by not appealing the original judgment, Ligor has waived his capacity to challenge the judgment on findings of fact and conclusions of law on issues within the Probate Court's statutory jurisdiction.

**On the briefs and at oral argument:**

Frank K. N. Chowdry, Esq., Atkins Chowdry, LLC, Portland, for appellant Paul A. Ligor, Jr.

Stephen W. Hanscom, Esq., Crandall, Hanscom & Collins, P.A., Rockland, for appellee Estate of Mary E. Hiller

Knox County Probate Court docket number 2010-0195
FOR CLERK REFERENCE ONLY