STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-11-599

BANK OF AMERICA, N.A.,

           Plaintiff

v.

KATHERINE MAHONEY, et al.,

           Defendants

ORDER ON
POST-JUDGMENT MOTIONS
STATE OF MAINE
Cumberland ss Clerk's Office

JUL 0 7 2015

RECEIVED

Before the Court are defendant Katherine Mahoney's motion for relief from judgment pursuant to M.R.Civ.P. 60(b)(4), (5), and (6) and plaintiff Bank of America's request to extend the deadline for holding a sale of the property pursuant to 14 M.R.S. § 6323(3).[1] The court entered a judgment of foreclosure and sale in the Bank's favor on March 14, 2014, following a hearing on the Bank's complaint. Mahoney was present and represented by counsel at the hearing, and both she and the Bank submitted extensive post-hearing briefs.[2]

The court concludes that Mahoney is not entitled to relief from judgment pursuant to M.R. Civ. P. 60(b)(4), (5), or (6), and her motion is hereby denied. The court also concludes that the Bank's motion to extend the time for publishing notice and selling the property should be

---

[1] Defendant Michael Mahoney did not appear at the trial and has not filed any submissions in connection with the instant motion. All further references to "Mahoney" in this order refer to Katherine Mahoney.

[2] After the hearing, the court initially dismissed the Bank's foreclosure complaint concluding that the Bank failed to establish that it was the holder of the defendants' mortgage. (*See* Order dated 1/2/14 at 4.) Thereafter, the Bank moved for reconsideration, calling the court's attention to its post-hearing brief requesting that the court take judicial notice of certain mergers and acquisitions. (*See* Pl.'s Mot. Reconsider at 3.) Katherine Mahoney did not object to the court taking judicial notice of these facts and on that basis the court concluded that the bank was the holder of defendants' mortgage and granted judgment in the Bank's favor. Neither Mahoney's post-trial brief nor her opposition to the Bank's motion to reconsider challenged the efficacy of the assignment from MERS, as nominee for the original lender, First Magnus Financial Corp., to Countrywide Home Loans. Nor did she ever challenge this court's subject matter jurisdiction over the foreclosure action.

granted, but that the Bank shall be precluded from seeking any deficiency judgment given its delay in proceeding with the sale of the property.

## I.    Mahoney's Rule 60(b) motion

Mahoney's motion is brought pursuant to M.R. Civ. P. 60(b)(4), (5), and (6). M.R. Civ. P. 60(b)(4) requires the Court to vacate a judgment that is void. *Cummings v. Bean*, 2004 ME 93, ¶ 7, 853 A.2d 221 ("A challenged judgment is either valid or void and thus a motion for relief pursuant to M.R. Civ. P. 60(b)(4) is not subject to the discretion of the court.") A judgment is void if the court that issued the judgment lacked subject matter jurisdiction over the proceedings that the resulted in the judgment. *In Re Estate of Hiller*, 2014 ME 2 ¶ 19, 86 A.3d 9.

In this case Mahoney argues, pursuant to the Law Court's holding in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89 ¶¶ 12-17, 96 A.2d 700,[3] that the Bank lacked standing to foreclose her mortgage and that that lack of standing deprived the court of subject matter jurisdiction over the foreclosure action. (Def.'s Mot. at 1.) The Bank argues that the court's subject matter jurisdiction over foreclosure actions is not dependant on a plaintiff's standing; rather, the Court's subject matter jurisdiction is established by statute.[4] (Pl.'s Opp'n at 1-2.)

---

[3] *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700, was decided on July 3, 2014, almost four months after the Court entered the judgment of foreclosure and sale in this action. *Greenleaf* held that MERS as nominee did not have authority to validly assign a mortgage. *Id.* ¶ 12 n.9. For purposes of this order, the court will assume that *Greenleaf* clarified but did not change existing law. If *Greenleaf* did constitute a change in the law regarding standing requirements in foreclosure actions, it is unclear whether this change should be applied retroactively to cases decided prior to *Greenleaf*. *See, e.g., U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40, 55 (Mass. 2011) (stating that a prospective ruling is appropriate when the court makes a significant change in the common law).

[4] The Bank also argues that Mahoney's motion is untimely because it was made almost a year after the judgment was entered and seven months after *Greenleaf* was issued. Unlike other provisions of M.R. Civ. P. 60(b), subsections (4), (5), and (6) are not subject to a strict one-year time limitation and need only be filed within a "reasonable" time. Whether the instant motion was filed within a reasonable time may be arguable, but the court does not need to reach that issue.

2

The success of Mahoney's motion, and the validity of the judgment of foreclosure and sale issued in this case, turn on the relationship between a plaintiff's standing and a court's subject matter jurisdiction. In Maine, standing is prudential and not constitutional.[5] *Mortgage Electronic Registration System, Inc. v. Saunders*, 2010 ME 79 ¶ 14, 2 A.3d 289. "[S]tanding to sue has been applied in various contexts causing it to have a plurality of meanings." *Walsh v. Brewer*, 315 A.2d 200, 206 (Me. 1974) (internal quotation marks omitted). Mahoney would have the court treat the Bank's standing as an element of the court's subject matter jurisdiction. However, this approach to standing and subject matter jurisdiction was specifically overruled in *Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102 ¶¶ 12-13, 879 A.2d 1007.

In *Norris Family Assocs., LLC*, the Law Court addressed the relationship between standing and subject matter jurisdiction in the context of a challenge to a plaintiff's standing to bring an appeal of an administrative decision pursuant to M.R. Civ. P. 80(b). *Id.* ¶¶ 11-20. In that case, the Law Court stated that the trial court's authority over the case was "firmly established by statute." *Id.* ¶ 9. The Court went on to state that standing "is a separate jurisprudential principle" from jurisdiction and should be analysed separately. *Id.* ¶ 13, expressly overruling *Signal v. Bangor*, 440 A.2d 1048, 1050-51 (Me. 1982).

Mahoney offers no principled justification for why the Court should adopt a different analytical approach than that applied in *Norris Family Assocs., LLC*. The trial court's jurisdiction over foreclosure actions is established by statute just as the trial court's jurisdiction over a Rule 80(b) appeal is. *See* 4 M.R.S. §§ 105(1), (3), 152(5)(E). A trial court's jurisdiction

---

[5] In federal practice, standing requirements are drawn from two sources: (1) Constitutional Article III "case and controversy" requirements and (2) prudential requirements. 13A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3531 (3d ed. 2008). A lack of Article III standing, referred to as "Constitutional standing," deprives a federal court of the power to entertain a proceeding. *Id.* & n. 14.

over a cause of action is a function of statute, *see Norris Family Assocs., LLC*, 2005 ME 102 ¶ 9, 879 A.2d 1007, and therefore it is controlled by the Legislature. The Law Court may set prudential limits on which entities have standing to seek foreclosure of a mortgage, but those limits do not deprive the Court of subject matter jurisdiction over the cause of action.

Additionally, to permit a defendant, like the one in this case, to attack a final judgment that affects rights to real property based on a subsequent change or clarification in the law could set a dangerous precedent. *See Key Bank N.A. v. Sargent*, 2000 ME 153 ¶ 15, 758 A.2d 528, quoting *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me. 1982) (" It is necessary that judgments, especially those settling property rights . . . have a high degree of stability and finality"). Mahoney is not the only unsuccessful litigant in a foreclosure action where a plaintiff's mortgage was held by virtue of a purported assignment from MERS as nominee for the original lender. In other cases, the property subject to the action may have been sold.[6] Although there has been no sale in this case, the court concludes that Rule 60(b) was not intended to allow judgments to be overturned if there has been a change in the governing law or if a subsequent appellate decision suggests a defence that could have been, but was not, raised in the original action.

Setting aside a judgment in this case, where Mahoney had every opportunity to challenge the Bank's standing at the foreclosure hearing as well as the opportunity to appeal the final judgment, could result in similar motions that would cloud the title of many properties that have been foreclosed in the past decade. Just because a party now wishes to raise a defence that would have been valid if it had been raised before judgment had entered is not a basis for relief under Rule 60(b). *Key Bank N.A. v. Sargent*, 2000 ME 153 ¶ 15. There is no indication that the

---

[6] Had the Bank sold the property within the timeframe set forth in 14 M.R.S. § 6323(1) (2014), its argument that it would be prejudiced if the court were to set aside the judgment of foreclosure and sale would have been significantly stronger. Regardless, whether or not other parties have been prejudiced is not a factor in determining a court's subject matter jurisdiction.

4

Law Court intended to void judgments issued before *Greenleaf* was decided in actions where a defendant had every opportunity to challenge a plaintiff's ownership of the mortgage, including the opportunity to appeal. *See In re Estate of Hiller*, 2014 ME 2 ¶ 19 ("A Rule 60(b) motion cannot be used as a substitute for a direct appeal of the court's decision.")

Even assuming *arguendo* that the Bank's lack of standing did deprive the court of subject matter jurisdiction over the action, the Restatement (Second) of Judgments § 12 (1982), adopted by the Law Court in *Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me. 1989), and *Ervey v. Northeastern Log Homes*, 638 A.2d 709, 711 (Me. 1994), counsels against permitting Mahoney to challenge the court's subject matter jurisdiction where the parties had ample opportunity to litigate the issue at trial. *See* 555 A.2d at 481 ("The more recent trend in the law is to favor finality over an absolute requirement of validity"). Superior Courts routinely issue judgments in foreclosure actions and foreclosure cases are "not so plainly beyond the court's jurisdiction that . . . entertaining the action was a manifest abuse of authority." Restatement (Second) of Judgments § 12(1).[7]

---

[7] Restatement (Second) of Judgments § 12 (1982) provides:

> When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:
>
> (1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
>
> (2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or
>
> (3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

Mahoney has also moved for relief from judgment pursuant to M.R. Civ. P. 60(b)(5) and (6). M.R. Civ. P. 60(b)(5) permits relief from judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." M.R. Civ. P. 60(b)(6) permits relief from judgment for "any other reason justifying relief from the operation of the judgment." Both of these motions are subject to the Court's sound discretion. *See Hamill v. Liberty*, 1999 ME 32 ¶ 4, 724 A.2d 616.

In this case, the judgment of foreclosure has not been satisfied, released, or discharged. *See* M.R. Civ. P. 60(b)(5). Neither has a prior judgment upon which the judgment of foreclosure and sale is based been reversed or otherwise vacated. Whether it is no longer equitable for a judgment to have prospective application is usually a consideration only with respect to injunctive relief. In any event, the court does not find anything inequitable in allowing the judgment in this case, issued after a contested hearing on the merits, to have prospective application. *See* M.R. Civ. P. 60(b)(5). As noted above, Mahoney had the opportunity to appeal the judgment and make the very arguments that the defendant in *Greenleaf* made but did not do so.

Finally, Mahoney has failed to present any grounds justifying relief from the judgment under M.R. Civ. P. 60(b)(6). The Law Court has stated that relief under Rule 60(b)(6) is an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply. *Ezell v. Lawless,* 2008 ME 139 ¶ 18, 955 A.2d 202. Moreover, the Law Court has also emphasized that Rule 60(b)(6) is not an alternative to appeal or a procedural device to permit a late appeal and that relief under Rule 60(b)(6) presupposes that a party has taken appropriate steps to protect his or her rights in the original

6

proceeding. *Ezell v. Lawless,* 2008 ME 139 ¶¶ 18, 28; *Moores v. Doyle,* 2003 ME 105 ¶ 12, 829 A.2d 260. As a result, a party cannot use Rule 60(b)(6) to raise a new argument that could have been – but was not – raised at the original trial. *E.g., Reville v. Reville,* 370 A.2d 249, 254 (Me. 1977).

## II.   The Bank's Request to Extend the Timeline Set Forth in Section 6323(1)

Section 6323(3) permits the Court to extend the deadlines set forth in section 6323(1) "upon a showing of good cause." The Law Court has not yet had occasion to address what constitutes "good cause" pursuant to section 6323(3).

The Bank avers that sometime after the judgment of foreclosure and sale was issued in March of 2014, the Bank retained new counsel to hold the sale. (Pl.'s Opp'n at 5.) However, once the redemption period expired, the Bank transferred servicing of the loan to a new loan servicer and that servicer decided to retain the Bank's original counsel. (Pl.'s Opp'n at 5.) Apparently, in the shuffle of changing counsel and loan servicers, the Bank neglected to sell the property. It can certainly be argued that the Bank's decision to change counsel and loan servicers with the deadline for the sale of the property looming and the Bank's inattention to the statutory deadline does not constitute "good cause." However, a ruling to that effect would immediately raise a further question – would the denial of an extension forbid the Bank from holding a foreclosure sale and leave the property in some kind of limbo or require the Bank to recommence foreclosure proceedings even though the court has just denied Mahoney's Rule 60(b) motion?

Under 14 M.R.S. § 6323(1), once the redemption period has expired, "any remaining rights of the mortgagor to possession of the property terminate." In *KeyBank v. Sargent,* 2000 ME 153 ¶ 38, the Law Court stated that "any error in the sale process should not serve as grounds to set aside the foreclosure judgment itself" and that strict compliance with the

7

foreclosure statute is limited to those procedures leading up to the foreclosure judgment. All of the statutory requirements with respect to the sale of the property, moreover, appear to be designed to protect the mortgagor in the event that a deficiency judgment is sought. *See Cadle Co. v. LCM Assocs.*, 2000 ME 73 ¶¶ 7, 9, 740 A.2d 150; *HSBC Bank United States v. Gordon*, 2014 Me. Super LEXIS 119 at *4 (Superior Ct. Cumberland, Aug. 12, 2014).

Accordingly, the court concludes that the Bank's motion to extend the deadline for holding the foreclosure sale should be granted. *See United States v. Harriman*, 851 F.Supp.2d 190, 194-95 (D. Me. 2010). However, in light of the scant justification for the Bank's delay, the Bank shall be precluded from seeking any deficiency judgment from Katherine or Michael Mahoney.

The entry shall be:

Defendant Katherine Mahoney's motion for relief from judgment is denied. Plaintiff Bank of America's motion to extend the deadline for the sale of the property is granted but the Bank is precluded from seeking a deficiency judgment. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: July 6 , 2015

Thomas D. Warren
Justice, Superior Court

8

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

STEVEN COPE ESQ
COPE LAW FIRM
PO BOX 1398
PORTLAND ME 04104-1398

*Defendant's Attorney*

DOONAN GRAVES LONGORIA LLC
100 CUMMINGS CENTER SUITE 225D
BEVERLY MA 01915

*Plaintiff's Attorney*

JEFFREY HARDIMAN ESQ
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET RI 02860

*Plaintiff's Attorney*