MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2022 ME 1
Docket:        Han-21-88
Submitted
  On Briefs:   September 22, 2021
Decided:       January 6, 2022

Panel:         STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, and CONNORS, JJ.

## GUARDIANSHIP BY STACEY M.

HUMPHREY, J.

[¶1] Stacey M. appeals from a judgment of the Hancock County Probate Court (*Blaisdell, J.*) denying her petition to modify or terminate an order of the Connecticut Superior Court that transferred custody and guardianship of her child to the child's paternal grandmother and step-grandfather. Because we conclude that the Probate Court lacked subject matter jurisdiction, we vacate the judgment and remand for dismissal of the petition.

### I. BACKGROUND

[¶2] The child at issue here was born in Connecticut in 2007 and was placed almost immediately in the custody of the Connecticut Department of Children and Families (DCF). Approximately one year later, while still in DCF's legal custody, the child was placed with her paternal grandmother and step-grandfather in New Hampshire. On April 13, 2010, the Connecticut Superior Court held a hearing on a motion filed by the Connecticut DCF, which

sought to transfer legal custody and guardianship of the child to the child's paternal grandmother and step-grandfather. With the agreement of both parents, the court granted DCF's motion that same day and informed the mother that she would be required to return to the Connecticut Superior Court if she sought to have her rights "reinstated."

[¶3] In order to correct a clerical mistake, the Connecticut Superior Court issued an "Order of Custody/Guardianship" on July 8, 2010, revoking its April 13, 2010, order but simultaneously again transferring custody and guardianship to the child's paternal grandmother and step-grandfather.[1]

[¶4] In 2017, the mother filed in the New Hampshire Circuit Court a petition to modify or terminate the Connecticut "Order of Custody/Guardianship." The court denied the petition and the mother appealed. In October 2019, the New Hampshire Supreme Court determined that the New Hampshire Circuit Court lacked jurisdiction to hear the petition under New Hampshire's Uniform Child Custody Jurisdiction and Enforcement

---

[1] The purpose of the new order, which was entered on DCF's request, was to change the effective date of the guardianship to enable the guardians to qualify for a state subsidy unavailable to them under the April order.

Act (UCCJEA) and remanded to the trial court with instructions to dismiss the petition.[2]  *See In re Guardianship of K.B.*, 233 A.3d 328, 329-35 (N.H. 2019).

[¶5]  After the mother, the child, and the guardians had all moved to Maine, the mother filed a petition in the Hancock County Probate Court on November 22, 2019, seeking to register and modify or terminate the Connecticut order.  A copy of the Connecticut order was included with the petition.  Neither the mother nor the guardians challenged the Probate Court's jurisdiction.

[¶6]  After holding a two-day hearing on the merits, the Probate Court denied the mother's petition on February 19, 2021.  In its decision, the court expressed concern for the emotional turmoil experienced by the child as a result of the litigation and determined that the guardians had proved by clear and convincing evidence that the mother was unable to meet the child's needs and that living with the mother would have a substantial adverse effect on the child.  *See* 18-C M.R.S. § 5-210(7) (2021); *see also* 18-C M.R.S. § 5-204(2)(C)

---

[2] Although the New Hampshire Supreme Court concluded that New Hampshire's UCCJEA applied and that the UCCJEA's jurisdictional requirements had not been met, *In re Guardianship of K.B.*, 233 A.3d 328, 332-34 (N.H. 2019), we do not reach such issues of interstate jurisdiction.  The UCCJEA does not confer independent subject matter jurisdiction, *see In re Teagan K.-O.*, 242 A.3d 59, 79 (Conn. 2020); *Williams v. Williams*, 555 N.E.2d 142, 145 (Ind. 1990), and we here consider the preliminary question of whether the Probate Court—a court of limited, statutory jurisdiction—had jurisdiction over the subject matter that the mother's petition attempted to place before it, *see In re Estate of Hiller*, 2014 ME 2, ¶ 20, 86 A.3d 9.

4

(2021).[3] The mother timely appealed. *See* 18-C M.R.S. § 1-308 (2021); M.R. Civ. P. 123; M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶7] Although the mother initiated this matter in Maine by filing her petition in the Hancock County Probate Court, she now argues on appeal that the Probate Court lacked subject matter jurisdiction because the Connecticut order was part of a child protection matter that, in Maine, would be subject to the District Court's exclusive jurisdiction. We address this issue even though it was not raised in the trial court because "lack of subject matter jurisdiction cannot be waived and may be raised at any time." *Monteith v. Monteith*, 2021 ME 40, ¶ 22, 255 A.3d 1030.

[¶8] "Subject matter jurisdiction refers to the power of a particular court to hear the type of case that is then before it." *Id.* (quotation marks omitted). A court has no authority to act absent subject matter jurisdiction, and whether

---

[3] Title 18-C M.R.S. § 5-204(2)(C) has since been amended, *see* P.L. 2021, ch. 340, § 1 (effective Oct. 18, 2021) (to be codified at 18-C M.R.S. § 5-204(2)(C)), but the amendment does not affect the analysis in this case.

a court had such jurisdiction is an issue of law that we review de novo. *In re Higera N.*, 2010 ME 77, ¶ 10, 2 A.3d 265.

[¶9]  We begin by examining the nature of the Connecticut proceeding that resulted in the challenged order transferring custody and guardianship of the child to the child's paternal grandmother and step-grandfather.  The order was issued pursuant to Connecticut General Statute section 46b-129, which authorized Connecticut's Commissioner of Children and Families to petition the Connecticut Superior Court for "appropriate action" regarding uncared-for or neglected children, including children in circumstances of abuse.[4]  *See* Conn. Gen. Stat. § 46b-129(a) (2011); *see also* Conn. Gen. Stat. § 46b-120(8)-(9) (2011) (defining "neglected" and "uncared for").[5]  Section 46b-129 and its procedures were analogous to Maine's child protection statutes.[6]  *See* Conn.

---

[4]  Section 46b-129 also authorized other agencies and individuals to file a petition, including any selectman, town manager, municipal welfare department, probation officer, child, representative or foster parent of a child, and any other child-caring agency approved by the DCF Commissioner.

[5]  In this opinion, we cite the versions of the Connecticut General Statutes that were in effect when the Connecticut Superior Court entered the July 8, 2010, "Order of Custody/Guardianship."  Section 46b-129 has since been amended on multiple occasions, *see e.g.*, 2021 Conn. Acts 21-140, § 5 (2021 Jan. Reg. Sess.) (codified at Conn. Gen. Stat. § 46b-129 (LEXIS through 2021 Reg. Sess. and June Spec. Sess.)), but those amendments are not relevant here, nor did they alter the nature of section 46b-129 as a child protection statute that provides for the handling of petitions as to neglected and uncared-for youth.

[6]  For example, in Connecticut, once a petition was filed, and if the Connecticut Superior Court determined that there was reasonable cause to believe that the child was or would be in danger, section 46b-129(b) allowed the court to issue a temporary order vesting the child's custody in an appropriate agency.  *Cf.* 22 M.R.S. §§ 4034(2), 4036(1)(F) (2021).  After a preliminary hearing on the temporary custody order, *see* Conn. Gen. Stat. § 46b-129(c) (2011); *cf.* 22 M.R.S. § 4034(4) (2021),

6

Gen. Stat. § 46b-129 (2011); *cf.* 22 M.R.S. §§ 4032-33 (2021). We therefore consider whether the Probate Court had subject matter jurisdiction under Maine law to hear the mother's petition to modify or terminate a child custody order issued in another state's child protection matter.

[¶10] "The Probate Courts in Maine are statutory courts of special and limited jurisdiction," and they "may hear and determine only those matters authorized by statute." *In re Adoption of G.*, 502 A.2d 1044, 1045-46 (Me. 1986); *see also In re Estate of Hiller*, 2014 ME 2, ¶ 20, 86 A.3d 9 ("[W]hether the Probate Court has jurisdiction over a specific matter turns on whether a statute confers jurisdiction . . . ."). Although the Probate Court has shared jurisdiction with the District Court to appoint guardians for minors in private actions, *see* 4 M.R.S. § 152(5-A) (2021); 18-C M.R.S. § 5-104(1) (2021), Maine law does not provide the Probate Court with authority to order, modify, or terminate a guardianship in a child protection matter initiated through the filing of a child protection

---

the Superior Court was required to hold a hearing on the order for temporary custody, *see* Conn. Gen. Stat. § 46b-129(f) (2011); *cf.* 22 M.R.S. § 4035 (2021).

petition, *see* 18-C M.R.S. §§ 5-202, 5-204, 5-210 (2021); 22 M.R.S. § 4031(1)(A) (2021).[7]

[¶11] Child protection cases are distinguishable from other types of child custody matters; "the focus . . . in a child protection case is to determine whether a child requires protection in the first instance, not to determine who should have custody." *In re Higera N.*, 2010 ME 77, ¶ 18 n.7, 2 A.3d 265; *see In re Teagan K.-O.*, 242 A.3d 59, 83 (Conn. 2020) ("Neglect proceedings are materially different from traditional custody disputes . . . . A state child protection agency or its commissioner is the opposing party in a neglect proceeding.").[8]

[¶12] Absent any statute conferring upon it the authority to hear child protection matters, the Probate Court did not have subject matter jurisdiction

---

[7] Nor could the UCCJEA—if applicable—provide the Probate Court with independent subject matter jurisdiction to hear this particular type of case. *See, e.g.*, *In re Teagan K.-O.*, 242 A.3d at 79 ("[T]he UCCJEA . . . does not create jurisdiction but prescribes the circumstances under which jurisdiction that otherwise is conferred by constitution or statute can be exercised in a given case."); *Williams*, 555 N.E.2d at 145 ("The authority to hear child custody cases is not directly granted by the [UCCJEA]").

[8] The distinct nature of guardianships entered in child neglect proceedings pursuant to Conn. Gen. Stat. § 46b-129, such as the one at issue here, is the basis for the Connecticut Superior Court's exclusive jurisdiction over such guardianships under Connecticut law. *See In re Juvenile Appeal*, 488 A.2d 790, 802 (Conn. 1985) (concluding that the Connecticut Superior Court has exclusive jurisdiction to enter "custody-guardianship orders" in cases where there was a finding that the child is uncared-for or neglected because "[t]he language of § 46b-129 . . . reveals . . . a clear distinction between guardianships ordered by the Superior Court in accordance with that provision and those ordered by appointment of the Probate Court"); *see also In re Joshua S.*, 796 A.2d 1141, 1150-52

to consider or adjudicate the mother's petition to modify a guardianship established in Connecticut's equivalent of a child protection matter.

The entry is:

> Judgment vacated.  Remanded for dismissal of the petition.

---

Albert Hansen, Esq., Hansen Law Offices, PLLC, Kennebunk, for appellant Stacey M.

Eric N. Columber, Esq., Columber Law Offices, Ellsworth, for appellees paternal grandmother and step-grandfather

Hancock County Probate Court docket number 2019-477
FOR CLERK REFERENCE ONLY

---

(Conn. 2002) (holding that adjudications of neglect pursuant to Conn. Gen. Stat. § 46b-129 fall under the jurisdiction of Connecticut's Superior Court, not its Probate Court).